UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>against<br><br>RAHEEM J. BRENNERMAN,<br><br>Defendant. | No. 17-cr-337 (RJS)<br>MEMORANDUM & ORDER |

RICHARD J. SULLIVAN, Circuit Judge:

On December 31, 2022, the Court issued an order (Doc. No. 289)[1] denying Raheem J. Brennerman's omnibus motion seeking (1) vacatur of his convictions and sentence under 28 U.S.C. § 2255, (2) the Court's recusal from presiding over further proceedings in this case, and (3) the return of certain personal items allegedly possessed by the government (Doc. Nos. 269, 274, 275). Brennerman, incarcerated and proceeding pro se, moved the Court in a filing dated January 9, 2023, to reconsider that decision. (Doc. No. 290.) For the reasons that follow, Brennerman's motion is DENIED.

Although the Federal Rules of Criminal Procedure do not provide for reconsideration motions, in this Circuit, "a motion to reconsider a section 2255 ruling is . . . treated as a Rule 59(e) motion" under the Federal Rules of Civil Procedure if the motion is, as here, "filed within [ten] days of entry of the challenged order." *United States v. Clark*, 984 F.2d 31, 32 (2d Cir. 1993). As for non-habeas relief sought in the underlying criminal case, Local Criminal Rule 49.1(d) allows a party to move for reconsideration "within fourteen (14) days after the [district] [c]ourt's determination of the original motion," provided that, in the motion for reconsideration, the moving

---

[1] Due to the intervening public holiday, the order was not docketed until January 3, 2023.

party "set[s] forth concisely the matters or controlling decisions which [the moving party] believes the [c]ourt has overlooked." Local Crim. R. 49.1(d).

Under both Rule 59(e) and Local Criminal Rule 49.1(d), a district court may alter or amend its decision "only when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (internal quotation marks and alterations omitted). In other words, a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Rather, "the standard for granting a . . . motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Id.* (alterations omitted).

Here, Brennerman has failed to demonstrate any "intervening change of controlling law, . . . new evidence, or . . . need to correct a clear error or prevent manifest injustice." *Metzler*, 970 F.3d at 142. Instead, he seeks to relitigate issues raised in his omnibus motion, *compare, e.g.*, Doc. No. 290 at 12 ("If counsel were so effective, how was Brennerman convicted of bank fraud and bank fraud conspiracy."), *with* Doc. No. 289 at 4–9 (rejecting Brennerman's allegations of ineffective assistance of counsel), and challenge the Second Circuit's rulings on direct appeal, *see, e.g.*, Doc. No. 290 at 9 ("[T]he Second Circuit . . . failed to acknowledge the record that Morgan Stanley was not a single entity but operated through a family of affiliates."); *id.* at 13 ("[T]he records contradict[] [the] Second Circuit's erroneous assertion."). To the extent that Brennerman attempts to assert "manifest injustice" by broadly alleging judicial and prosecutorial misconduct during the criminal proceeding, *Metzler*, 970 F.3d at 142, his "speculative, conjectural[,] and

2

conclusory" allegations are insufficient to warrant relief under either Rule 59(e) or Local Criminal Rule 49.1(d), *Pacelli v. United States*, 508 F. Supp. 496, 507 (S.D.N.Y. 1980) (collecting cases), *aff'd*, 659 F.2d 1061 (2d Cir. 1981).

For the foregoing reasons, IT IS HEREBY ORDERED that Brennerman's motion for reconsideration is DENIED. In addition, because Brennerman has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court will not issue a certificate of appealability with respect to Brennerman's motion for reconsideration of the Court's denial of his habeas petition, *see Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). Furthermore, because any appeal would "lack[] an arguable basis in law or fact," *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995), the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, Brennerman may not proceed in forma pauperis, *see Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to terminate the open motion in Doc. No. 290 and to mail a copy of this order to Raheem J. Brennerman.

SO ORDERED.

Dated:	January 24, 2023
	New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation