UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>RAHEEM J. BRENNERMAN,<br><br>       Defendant. | No. 17-cr-337 (RJS) |
| RAHEEM J. BRENNERMAN,<br><br>       Plaintiff,<br><br>-v-<br><br>UNITED STATES OF AMERICA,<br><br>       Defendant. | No. 23-cv-1624 (RJS)<br><br>ORDER |

RICHARD J. SULLIVAN, Circuit Judge:

  The Court is in receipt of a submission from Defendant Raheem J. Brennerman, dated June 19, 2023, requesting – or in fact demanding – that the Court publicly docket his prior submissions dated May 24 and June 5, 2023. The request is denied.

  As the Court noted in its prior order, Brennerman's May 24th and June 5th submissions made no cognizable request for relief. (Doc. No. 302.)[1] In such circumstances, the Court is not obliged to respond to or take any action in connection with them. Nor is it obliged to docket such correspondence. *See Koehl v. Greene*, 424 F. App'x 61, 62–63 (2d Cir. 2011) (endorsing district court's imposition of sanctions – including the striking of submissions that contained insulting or inappropriate language – when pro se litigant refused to "respect the dignity of the proceeding and to comply with the orders of the district court"); *see also McDonald v. Head Crim. Ct. Supervisor*

---

[1] All docket citations refer to the docket in Brennerman's criminal case, *United States v. Brennerman*, No. 17-cr-337 (RJS).

*Officer*, 850 F.2d 121, 124 (2d Cir. 1988) ("[A]ll litigants, including pro ses, have an obligation to comply with court orders."). It bears noting that Brennerman's criminal case is closed (Doc. Nos. 203, 223), that his conviction and sentence were affirmed on appeal (Doc. No. 246), that his petition for a writ of certiorari before the Supreme Court was denied (Doc. No. 289 at 2), that his motion for relief under 28 U.S.C. § 2255 was denied (*id.* at 11), that his motion for reconsideration of that decision was denied (Doc. No. 291), and that he voluntarily withdrew his appeal of that denial (Doc. Nos. 292, 299). To the extent that Brennerman wishes to make a successive petition for relief under section 2255, he must first seek permission from the Second Circuit. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3). To the extent he seeks relief under another statute or a provision of the Federal Rules of Criminal or Civil Procedure, he must make that request expressly, or at least intelligibly, in a written submission submitted through the Court's Pro Se Office. *See* Section 1(A) of the Court's Individual Rules and Practices. But he is certainly not entitled to use the Court's criminal docket as his own personal Twitter account for posting musings and extraneous accusations that bear no relation to an actual request for relief. *See, e.g.*, *Democratic Nat'l Comm. v. Russian Fed'n*, No. 18-cv-3501, 2018 WL 3323161, at *1 (S.D.N.Y. June 21, 2018) (explaining that court's docket is not proper place to merely share views with the public, unrelated to proper requests for relief); *Abraham v. Leigh*, No. 17-cv-5429, 2020 WL 5095655, at *10 (S.D.N.Y. Aug. 28, 2020) (explaining that court's docket is not the place for "calumny or score-settling"). It was for this reason that the Court declined to docket his May 24th and June 5th submissions.[2]

---

[2] As the Court noted in its Order of June 9, 2023 (Doc. No. 302), copies of those submissions will be maintained under seal for the purpose of facilitating appellate review, *see In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 192 (2d Cir. 2008) (explaining the need for district courts to create a record of pro se submissions to facilitate appellate review), and in the event that it becomes necessary for the Court to consider sanctions, including a filing injunction that bars Brennerman from filing any submissions without first obtaining leave of the Court, *see Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528–30 (2d Cir.

To be sure, the public and the press also enjoy common law and First Amendment rights of access to court submissions. But that access is reserved for "judicial documents" that are "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Clearly, the May 24th and June 5th submissions do not meet this standard. Moreover, even if it could be argued that the submissions *did* meet the definition of judicial documents, the Court would still be required to balance the presumption of access with "competing considerations against it," including "the danger of impairing . . . judicial efficiency." *Lugosch*, 435 F.3d at 120 (internal quotation marks omitted).

For all these reasons, Brennerman's request that his May 24th and June 5th submissions be publicly docketed is DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at Doc. No. 303 and to mail a copy of this order to Raheem J. Brennerman at his address of record.

SO ORDERED.

Dated:     July 11, 2023
           New York, New York

                                          _____
                                          RICHARD J. SULLIVAN
                                          UNITED STATES CIRCUIT JUDGE
                                          Sitting by Designation

---

2005); *see also Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) ("The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." (internal quotation marks and alteration omitted)).